United States District Court
Southern District of Texas
**ENTERED**
January 05, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| FALCON RIVERA, JR., § § Plaintiff, § § VS. § CITY OF MCALLEN, TEXAS; and § DANIEL CRUZ, § § Defendants. § | CIVIL ACTION NO. 7:20-cv-00384 |

# **ORDER**

The Court now considers its December 18, 2020 order,[1] Plaintiff's response letter,[2] and "Respondents' Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure."[3]

In the discovery/case management plan, Plaintiff Falcon Rivera, Jr. explains that he "strongly disagrees with the jurisdictional allegations" and urges this Court to remand this case.[4] The Court also has the authority to investigate subject matter jurisdiction sua sponte and remand for jurisdictional defects.[5] This case commenced not with a traditional complaint, but instead with a "Petition to Investigate Claims" brought under Texas Rule of Civil Procedure 202.[6] A petition filed under that rule "is not of itself an independent suit, but is in aid of and incident to an anticipated suit. [It] is purely an ancillary matter. It is well settled that the taking of

---

[1] Dkt. No. 7.
[2] Dkt. No. 8.
[3] Dkt. No. 9.
[4] Dkt. No. 9 at 2, ¶ 6.
[5] 28 U.S.C. § 1447(c); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001); *FDIC v. Loyd*, 955 F.2d 316, 322 (5th Cir. 1992).
[6] Dkt. No. 1-4.

depositions is not an end within itself but is in aid of a suit which is anticipated."[7] United States District Courts in Texas have expressed various views regarding whether a rule 202 petition to investigate vests jurisdiction in federal court, with some courts holding that a petition cannot satisfy 28 U.S.C. § 1441(b) and that federal courts therefore have no jurisdiction over a removed 202 petition,[8] but at least one other court holding that a rule 202 petition is a civil action that can vest jurisdiction in federal court.[9]

This Court now joins the view that a Texas Rule of Civil Procedure 202 petition cannot vest jurisdiction in federal court. Defendant City of McAllen removed this case on the basis of a single paragraph in Plaintiff's rule 202 petition,[10] specifically, because Plaintiff "wishes to explore potential causes of action arising from the unjustified use of deadly force . . . sounding in state tort law (Texas Tort Claims Act) and federal constitutional law,"[11] Defendant argues this Court has federal question jurisdiction under 28 U.S.C. §§ 1441(b) and 1331.[12] But Plaintiff's mere indication that he will investigate federal constitutional claims does not mean he is asserting or alleging a federal claim. "Since the plaintiff is the master of the complaint, the well-pleaded-complaint rule enables him, by eschewing claims based on federal law, to have the cause heard in state court."[13] In other words, if Plaintiff chooses to assert claims in a complaint after his investigation concludes, he "may generally allege only a state law cause of action even where a federal remedy is also available" and thereby remain in state court (unless a removing defendant identifies another proper basis for federal jurisdiction).[14] The Court would

---

[7] *Office Emps. Int'l Union Local 277 v. Sw. Drug Corp.*, 391 S.W.2d 404, 406 (Tex. 1965).
[8] *E.g.*, *Mayfield-George v. Tex. Rehab. Comm'n*, 197 F.R.D. 280 (N.D. Tex. 2000); *Sawyer v. E.I. du Pont de Nemours & Co.*, No. 4:06-cv-1420, 2006 WL 1804614 (S.D. Tex. June 28, 2006) (Werlein, J.).
[9] *In re Texas*, 110 F. Supp. 2d 514, 522 (E.D. Tex. 2000).
[10] Dkt. No. 1 at 3, ¶ 3.04.
[11] Dkt. No. 1-4 at 5, ¶ 4.
[12] Dkt. No. 1 at 2, ¶ 3.01.
[13] *Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002) (cleaned up).
[14] *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

substantively interfere in Plaintiff's mastery over his own complaint if, during Plaintiff's investigation of *potential* federal claims, the Court held that Plaintiff thereby *asserted* federal claims and vested federal courts with federal question jurisdiction. "The Rule 202 Request is merely a *pre-suit* request for depositions to investigate a potential claim or suit. A Rule 202 petition may never lead to a civil lawsuit, as the resulting deposition could just as easily indicate that the petitioner has no legal claim against the deponent or any other person or entity."[15]

Moreover, as the Fifth Circuit has recognized, a "bill of discovery" does not state *any* claim for relief, whether state or federal.[16] In the absence of any "claim for relief," the defendant's 30-day time limit to timely remove does not begin to run.[17] To recognize a rule 202 petition as vesting federal jurisdiction in this Court would be to ignore or render otiose § 1446(b)'s time limitations for removal. Even if the Court viewed a rule 202 petition as containing a claim for relief, the claim would merely be for "an order authorizing a deposition pursuant to the Texas Rules of Civil Procedure and [would] contain[n] no claim or right, much less one founded on the Constitution, treaties or laws of the United States," so federal question jurisdiction could not vest in this Court under 28 U.S.C. §§ 1441(a) and 1331,[18] or under § 1332 because a request to depose could not reach an amount-in-controversy of $75,000 or greater.[19]

---

[15] *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 531 (N.D. Tex. 2009) (quotations omitted).
[16] *Wilson v. Belin*, 20 F.3d 644, 651 n.8 (5th Cir. 1994); *see Young v. Hyundai Motor Mfg. Ala., LLC*, 575 F. Supp. 2d 1251, 1254 (M.D. Ala. 2008) ("The better interpretation of *Wilson* is that 1446(a)'s 'initial pleading' refers to the *first* removable pleading in a civil action and any filing prior to 1446(a)'s initial pleading is, therefore, not removable."); *Davidson v. S. Farm Bureau Cas. Ins. Co.*, No. CIV A. H-05-03607, 2006 WL 1716075, at *2 (S.D. Tex. June 19, 2006) (Ellison, J.) ("Additionally, it would be difficult for a federal court to determine, with any certainty, that it has federal question or diversity jurisdiction over a Rule 202 petition, since the petition articulates no specific claims against any particular civil defendants.").
[17] 28 U.S.C. § 1446(b)(1).
[18] *Mayfield-George v. Tex. Rehab. Comm'n*, 197 F.R.D. 280, 283 (N.D. Tex. 2000); *see* TEX. R. CIV. P. 202.1.
[19] *In re Johnson*, No. 3:13-cv-00231, 2013 WL 4459021, at *2 (S.D. Tex. Aug. 15, 2013) (Costa, J.).

"[T]his Court agrees that a Texas Rule 202 proceeding ordinarily is not a removable 'civil action' over which the federal courts have jurisdiction."[20]

In light of the Court's holding, the Court hereby **REMANDS** this case to the County Court at Law number 6 of Hidalgo County, Texas. And since the Court has no jurisdiction, the Court does not rule on the pending motion to withdraw.[21] The Court instructs the Clerk of the Court to close this case.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 5th day of January 2021.

                                                Micaela Alvarez
                                        United States District Judge

---

[20] *Sawyer v. E.I. du Pont de Nemours & Co.*, No. 4:06-cv-1420, 2006 WL 1804614, at *2 (S.D. Tex. June 28, 2006) (Werlein, J.).
[21] Dkt. No. 6.